THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROLAND BATES, Defendant-Appellant.

First District (3rd Division)   No. 84—744

Opinion filed May 15, 1985.

James J. Doherty, Public Defender, of Chicago (Thomas W. Mundy and James H. Reddy, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Frank G. Zelezinski, and William McGarr, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Roland Bates, was charged with voluntary manslaughter. Following a bench trial, defendant was found guilty of that crime and was sentenced to a term of five years. On appeal defendant contends that the trial court erred in denying his motion to suppress his statement, and that he was not proved guilty of voluntary manslaughter beyond a reasonable doubt.

On June 26, 1983, the body of Pearl Downs, defendant's girlfriend, was found strangled to death in their apartment. On the same day, a Chicago police officer telephoned Bates at his sister's home in Clinton, Iowa, and persuaded him to surrender. The officer told defendant he understood that defendant's brother had an attorney for him.

At the hearing on the motion to suppress the statement, the par-

ties stipulated that Sergeant R. Smith of the Clinton, Iowa, police department would testify that after defendant turned himself in he was very cooperative, but he "did not want to talk about the Chicago incident until after he spoke to his attorney." On June 29, defendant was returned to Chicago and was taken to a police station. Defendant was not questioned about the matter during the trip.

After defendant was processed, he was interviewed by an assistant State's Attorney and was advised of his *Miranda* rights. Defendant acknowledged that he understood them and he agreed to give a statement. The trial court denied defendant's motion to suppress.

In the statement, defendant stated that Downs and he were at a party on June 25 and that he had been drinking. While defendant was outside drinking a glass of water and talking to several men, Downs came up to him. She asked why he was drinking and knocked the glass from his hand. Defendant hit her and they entered their apartment. The argument continued, with Downs swearing at defendant and defendant pushing her away.

Downs went to the kitchen and returned with a paring knife. As she came toward defendant, he grabbed her arm and throat and choked her for several minutes. Defendant heard her gasp before she collapsed. He undressed Downs, placed her in bed and covered her with a towel. Defendant left the apartment for a short time and slept on the couch when he returned. In the morning, he checked on Downs and found that she was dead. Before he left for Iowa, defendant told his brother to check on Downs because defendant thought that she was dead.

Defendant contends that the trial court erred in denying his motion to suppress his statement. He argues that the State violated his right to counsel by initiating questioning in Chicago after he told the police officer in Iowa that he would not speak until he talked to his attorney and that the State failed to prove he made a knowing and intelligent waiver of his rights.

■■ The right to counsel embodied in the sixth amendment is specifically guaranteed in *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, which requires that an accused must be advised of his rights and that once the right to counsel is asserted, interrogation must cease. Where an accused has asserted his right to counsel, that he has responded to further interrogation does not establish a waiver of that right. *Edwards v. Arizona* (1981); 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880.

■■ We agree with defendant that the recent holding by the United States Supreme Court in *Smith v. Illinois* (1984), 469 U.S. 91, 83 L.

Ed. 2d 488, 105 S. Ct. 490, is dispositive of the issue before us. In *People v. Smith* (1984), 102 Ill. 2d 365, 466 N.E.2d 236, our supreme court affirmed Smith's conviction when it held that Smith had not clearly and unambiguously asserted his right to counsel. In that case, Smith had told police, "She told me to get a lawyer." He also stated, "Uh, yeah. I'd like to do that [have a lawyer]." In reversing our supreme court's ruling, the United States Supreme Court ruled that Smith had clearly asserted his right to counsel. The Supreme Court stated that our supreme court had construed Smith's assertion of his right to counsel as being ambiguous only after looking at his subsequent responses to questioning, and further stated that such analysis was incorrect. In our case, defendant's assertion of his right to counsel is more clear than in *Smith*. According to the stipulated testimony, defendant clearly told the Iowa police that he did not want to speak about the matter until he spoke to his attorney.

Furthermore, it appears from information contained in a police "street file" that at some time prior to trial the police in Chicago were aware that defendant would not talk to the Clinton authorities until he spoke to his lawyer. There is nothing in the record to suggest that the assistant State's Attorney had this information prior to interrogating defendant. Nevertheless, even a good-faith lack of knowledge on the part of the Cook County authorities will not affect our holding. Since defendant clearly asserted his right to counsel, he was no longer subject to further interrogation.

The State maintains that defendant waived his right when he acknowledged to the assistant State's Attorney that he understood the *Miranda* warnings and agreed to talk. In *Edwards v. Arizona,* the Supreme Court rejected this argument, stating that a valid waiver "cannot be established by showing only that [the accused] responded to further police-initiated custodial interrogation." (*Edwards v. Arizona* (1981), 451 U.S. 477, 484, 68 L. Ed. 2d 378, 386, 101 S. Ct. 1880, 1885.) Since defendant was interrogated after clearly asserting his right to counsel, the trial court erred in denying defendant's motion to suppress his statement.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.